**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EVARISTO RODRIGUEZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-cv-4436 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| The CITY of CHICAGO, Illinois, a ) | |
| municipal corporation, Chicago Police ) | |
| Officers J.D. MORALES (#14163), D.E. ) | |
| KOLODZIEJSKI (#7043) and other ) | |
| UNKNOWN OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Evaristo Rodriguez, sued the City of Chicago, Chicago Police Officers J.D. Morales and D.E. Kolodziejski (collectively "Defendants") and other unknown officers for violations of state and federal law stemming from his arrest on July 25, 2008.[1] Rodriguez's five-count complaint asserts claims under 42 U.S.C. § 1983 for unlawful search and seizure (Count I) and excessive force (Count II); state law claims for false imprisonment (Count IV) and malicious prosecution (Count V); and a *Monell* claim against the City of Chicago (Count III).

---

[1] Rodriguez has failed to identify the "unknown officers" and his opportunity to do so is foreclosed by the statute of limitations. The statute of limitation for Rodriguez's claim under § 1983 is two years. See *Wallace v. Kato*, 549 U.S. 384, 392 (2007); *Hilerman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) ("Illinois has a two-year statute of limitations for personal injury claims, see 735 ILCS 5/13-202, and this is the period to apply to a § 1983 case"). The incident in question occurred on July 25, 2008, and therefore Rodriguez's opportunity to identify the unknown officers has expired. Similarly, the statutes of limitations on the claims for false imprisonment and malicious prosecution, which are two-years and one-year respectively, have also expired. 745 ILCS 10/8-101; see *Evans v. City of Chicago*, 434 F.3d 916, 924 (7th Cir. 2006).

Defendants move for summary judgment [76] on all but the excessive force claim. Rodriguez has since abandoned his *Monell* claim against the city, leaving only his unlawful search and seizure, false imprisonment and malicious prosecution claims as the subject of this motion for summary judgment. For the reasons set forth below, the Court grants Defendants' motion for summary judgment on Counts I, III, IV, and V [76].

## I.  Background[2]

On July 25, 2008, between 10:00 and 11:00 p.m., Rodriguez was driving home with his wife and mother after attending a graduation party in Chicago. (Pl. Resp. ¶ 6, Pl. SOAF ¶ 7). As Rodriguez exited the Kennedy Expressway at California Avenue, he saw a man lying on the exit ramp, with his feet on the street and the rest of his body on the curb. (Pl. Resp. ¶ 8). Trying to help, Rodriguez used the OnStar button in his car to connect to the Chicago Police Department and report what he had seen. (*Id.* at ¶ 9). When Rodriguez reached a stop sign at the intersection of California Avenue and Thomas Street an unmarked police car, driven by Officers Morales and Kolodziejski, pulled onto California in front of Rodriguez's vehicle. (*Id.* at ¶ 11, Pl. SOAF ¶ 9).

Rodriguez was aware that the car in front of him was an unmarked police car because he was familiar with the style of the car and knows many Chicago police officers. (Pl. Resp. ¶ 13). Rodriquez, in fact, mistakenly believed that his friend, Officer Luis Arroyo, was driving the unmarked police car. (*Id.* at ¶ 14). Attempting to get the attention of who he believed to be Officer Arroyo, Rodriguez took a laser pointer out of his pocket and flashed the laser pointer at a one-way street sign in front of the police car. (*Id.* at ¶ 15). At this point, the unmarked police

---

[2] The Court takes all relevant facts primarily from the parties' Local Rule ("L.R.") 56.1 statements: Defendants' Statement of Facts ("Def. SOF") [78], Plaintiff's Response to Defendants' Statement of Facts ("Pl. Resp.") [83], Plaintiff's Statement of Additional Facts ("Pl. SOAF") [81], and Defendants' Response to the Plaintiff's Statement of Additional Facts (Def. Resp.) [86].

car was about two to three car lengths ahead of Rodriguez's car and there were no other vehicles travelling southbound on California Avenue between his car and the police vehicle. (*Id.* at ¶ 18).

After Rodriguez flashed the laser pointer on the sign, the Officers pulled to the side of the road and signaled for Rodriguez to pull over. (*Id.* at ¶¶ 20, 21). Officer Morales approached Rodriguez on the driver's side of Rodriguez's car. (*Id.* at ¶ 22, 36). Rodriguez explained that he thought his friend was driving the unmarked police car and was trying to signal to him in order to tell him about the man he had seen lying on the exit ramp. (*Id.* at ¶ 40).

The Officers arrested Rodriguez and charged him with violating two provisions of the Illinois Criminal Code: 720 ILCS 5/12(a)(6) (aggravated assault against a peace officer), and 720 ILCS 5/24.6-20(a) (aiming a laser pointer at a peace officer). (*Id.* at ¶ 42). However, on September 22, 2008, the Assistant State's Attorney assigned to the case moved to "SOL" or strike all charges against Rodriguez with leave to reinstate. (*Id.* at ¶ 50). The State's Attorney has not sought to reinstate the charges against Plaintiff. (Pl. SOAF ¶ 35).

There are several disputed facts in this case. The parties disagree as to whether the laser pointer hit anywhere other than the one-way sign, particularly whether it hit the Officers themselves or their vehicle, and about the Officers' conduct between the stop and the arrest. But none of the disputed facts are material to the Court's resolution of the Defendant's motion for summary judgment.

## II.     Legal Standard on Summary Judgment

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Factual disputes that are irrelevant to the outcome of the suit "will not be counted." *Palmer v. Marion*

*County*, 327 F.3d 588, 592 (7th Cir. 2003) (quotation marks and citations omitted). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252.

### III. Discussion

#### A. Unlawful Search and Seizure Claim

Rodriguez brings a claim under § 1983 against Officers Morales and Kolodziejski alleging that the officers "seized and searched Plaintiff without a warrant, without reasonable

4

suspicion or probable cause, and without any other legal justification" in violation of his Fourth and Fourteenth Amendment rights. While Rodriguez uses the language "seized and searched," this allegation amounts to a claim for false arrest. To succeed on a claim under § 1983 against the officers, Plaintiff must show that a person acting under color of state law deprived him a right, privilege, or immunity secured either by the Constitution or federal law. See, *e.g., Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). Defendants do not dispute that they were acting under color of state law at the time of Rodriguez's arrest. Rather, they argue that they had probable cause for the arrest, or in the alternative are entitled to qualified immunity.

"Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citing *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997)). "This is so even where the defendant officers allegedly acted upon a malicious motive." *Id.* (citing *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993)).

Police officers have probable cause to arrest an individual when "the facts and circumstances within their knowledge and of which they have reasonable trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed" an offense. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998). The Court evaluates probable cause by applying an objective standard—whether a reasonable officer would have believed the person had committed a crime. If the test is satisfied "the arrest is lawful even if the belief would have been mistaken." *Kelley*, 149 F.3d at 646. Thus probable cause has been described as a zone within which reasonable mistakes will be excused. *Id.*

5

Where the underlying facts supporting probable cause are not in dispute, a court may decide whether probable cause exists. See *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (citing *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993)). Once probable cause relating to an offense is established, all § 1983 liability against the arresting officer is barred, "even if the person was arrested on additional or different charges for which there was no probable cause." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L. Ed. 2d 537 (2004)); *Pourghoraishi v. Flying J., Inc.*, 449 F.3d 751, 762 (7th Cir. 2006).

Whether an officer has probable cause to arrest depends on the requirements of the applicable state criminal law. *Pourghoraishi*, 449 F.3d at 761 (citing *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001)). Thus, as long as an officer has probable cause to believe that an individual "has committed even a very minor criminal offense in his presence," the officer may arrest the offender without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

In this case, the undisputed facts show that the Officers had probable cause to arrest Rodriguez. Rodriguez was arrested for violating a provision of the Illinois Criminal Code that makes it illegal to aim a laser pointer at peace officer. This provision only requires that the individual "intentionally or knowingly" aim an operating laser pointer at a person he knows, or reasonably should know, is a peace officer. 720 ILCS 5/24.6-20. Here, neither party disputes that Rodriguez that knew the driver of the unmarked car was a police officer and that he intentionally used his laser pointer to get the driver's attention. Neither party disputes that the laser pointer hit a one-way sign in front of the Officer's car, that it was being used to signal the

6

Officers, and that the two cars were about three car lengths apart with no other vehicles in between them.

There is some dispute between the parties regarding the distance between the one-way sign and the police car as well as whether the laser hit the Officers or their vehicle at any point; however, these disputes are immaterial to whether the Officers had probable cause. The Officers did not need to know with certainty that Rodriguez was violating this statute, but rather only needed to be objectively reasonable in their belief that Rodriguez was aiming the laser pointer at them. See *Hanson v. Dane County, Wis.*, 608 F.3d 335, 338 (7th Cir. 2010) (probable cause means "a good reason to act; it does not mean certainty"). Given that (1) the Officers were able to see the laser pointer hit the one-way sign directly in front of their car and (2) there were no other cars between them, it was reasonable for the Officers to conclude that the individual pointing the laser was aiming it at them.

Because the Officers had probable cause to arrest Rodriguez under 720 ILCS 5/24.6-20 and probable cause for one offense bars any § 1983 liability regardless of what other charges were involved, the Court need not reach the issue of whether the Officers had probable cause for the aggravated assault charge as well. See *Holmes*, 511 F.3d at 682. Nevertheless, in the interest of completeness, a similar analysis applies to the aggravated assault claim. The aggravated assault statute requires that the person's conduct "places another in reasonable apprehension of receiving a battery." 720 ILCS 5/12-1(a) (West 1998). Additionally, the assault must be committed "in the direction" of a peace officer or a vehicle occupied by a peace officer. 720 ILCS 5/12-2(a)(6). The parties can, and do, disagree about where the laser pointer hit and whether the officers were in reasonable apprehension of receiving a battery. But the Officers only need to be reasonable in their belief that Rodriguez was committing aggravated assault.

7

The laser pointer hitting the one-way sign in front of their car is sufficient to create a reasonable belief that Rodriguez was pointing the laser "in the direction" of the officers or their vehicle. Additionally, case law regarding the dangers of laser pointers and their uses in conjunction with weapons suggests that the Officers reasonably could have been in apprehension of receiving a battery. See *People v. Smit*, 726 N.E. 2d 62, 64 (Ill. App. 1st Dist. 2000) (pointing a laser at a victim's home and body created "a reasonable apprehension of battery").

Having found that the Officers had probable cause to arrest Plaintiff, the Court need not address the Defendants' arguments regarding qualified immunity because "the existence of probable cause protects [Defendants] from liability, and the defendants therefore do not require the additional protection of qualified immunity." *Mucha v. Village of Oak Brook*, 650 F.3d 1053, 1057 (7th Cir. 2011).[3]

**B.     State Law Claims**

Rodriguez also alleges two state law claims: false imprisonment (Count IV) and malicious prosecution (Count V). Significantly for present purposes, under Illinois law probable cause is an absolute bar to both claims. *Jones v. Webb*, 45 F.3d 178, 1783 (7th Cir. 1995); see also *Lappin v. Costello*, 598 N.E. 2d 311, 317 (Ill. App. 4th Dist. 1992) ("If probable cause existed for the arrest, an action for false arrest cannot lie"); *Martel Enterprises v. City of Chicago*, 584 N.E. 2d 157, 161 (Ill. App. 1st Dist. 1991) (probable cause is an absolute bar to a

---

[3] The Court recognizes that Plaintiff viewed his actions in using the laser pointer as having been taken in a good faith effort to get the Officers' attention. But, as both the statute and case law cited above reflect, some of the uses of lasers and laser pointers are far from benign. Accordingly, the Court cannot fault the Officers for what in Plaintiff's eyes was a failure to recognize his good intentions. Cf. *Humphrey v. Staszak*, 148 F.3d 719, 727 (7th Cir. 1998) (agreeing with officer that "his on-the-scene assessment of probable cause provided legal justification for his arresting [§ 1983 plaintiff] for disorderly conduct and commenting that "[a]lthough [plaintiff] described himself as a 'Good Samaritan,' he could also be viewed as an interloper meddling in business that was not his").

claim of false imprisonment); *Ross v. Mauro Chevrolet*, 861 N.E. 2d 313, 319 (Ill. App. 1st Dist. 2006) (citing *Johnson v. Target Stores, Inc.*, 791 N.E. 2d 1206, 1219 (Ill. App. 1st Dist. 2001) (probable cause is fatal to a malicious prosecution claim).

Because the Court already has determined that probable cause existed for the Officers' actions with respect to Rodriguez, and because probable cause is a bar to Rodriguez's state law claims of false imprisonment and malicious prosecution, Claims IV and V also fail.

**IV.     Conclusion**

For the foregoing reasons, the Court grants Defendants' motion [76] for summary judgment on Counts I, III, IV and V. Rodriguez's claim under § 1983 for excessive force (Count II) remains pending. This case is set for further status on April 18, 2012 at 9:00 a.m.

Dated: March 26, 2012

_____
Robert M. Dow, Jr.
United States District Judge

9