# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 04436 | **DATE** | 10/9/2012 |
| **CASE TITLE** | Rodriguez vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reconsider [95] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On July 25, 2008, Plaintiff tried to get Defendant officers' attention by flashing a laser pointer on a sign near their car. That did get the officers' attention, but it also resulted in Plaintiff's arrest for violations of 720 ILCS 5/24.6-20(a) (aiming a laser pointer at a peace officer) and 720 ILCS 5/12(a)(6) (aggravated assault against a police officer). The Assistant State's Attorney assigned to the case moved to strike all charges against Plaintiff with leave to reinstate. The charges have not been reinstated.

Based on the events of July 25, 2008, Plaintiff sued the City of Chicago, Chicago Police Officers Morales and Kolodziejski, and other unknown officers for violations of federal and state law. Plaintiff's five-count complaint asserted claims under 42 U.S.C. § 1983 for unlawful search and seizure (Count I) and excessive force (Count II); state law claims for false imprisonment (Count IV) and malicious prosecution (Count V); and a *Monell* claim against the City of Chicago (Count III).

The Court dismissed Plaintiff's claims against the unknown officers based on the statute of limitations and granted Defendants' motion for summary judgment on Counts I, III, IV, and V. Plaintiff's § 1983 excessive force claim is still pending (Count II). Plaintiff has asked the Court to reconsider its grant of Defendants' motion for summary judgment.

Because Plaintiff has moved for reconsideration before the Court has finished with his case, the motion is governed by Federal Rule of Civil Procedure 54(b):

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders. See *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable").

It is well established, however, that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v.*

**STATEMENT**

*Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996)). In regard to the "manifest error" prong, the Seventh Circuit has explained that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); see also *Wiegel v. Stork Craft Mfg., Inc.,* 2012 WL 2130910, at *2 (N.D. Ill. June 6, 2012) ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing."); *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"); *Bilek v. American Home Mortg. Servicing,* 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010). And with respect to the second prong, the court of appeals has explained that a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191.

In this case, Plaintiff believes that the Court "manifestly" erred by concluding that probable cause barred his claims for false imprisonment (Count IV) and malicious prosecution (Count V). Plaintiff's argument is as follows: at the time that the charging document was filed, Defendants knew that the laser pointer was just a pointer (not attached to a gun) and that they were never in danger. They knew, in other words, that Plaintiff was only a Good Samaritan trying to help a man he saw lying in the road. Therefore, Plaintiff reasons, Defendants did not have probable cause to file charges even if they had probable cause to arrest. See, *e.g.*, *Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011) ("For purposes of a malicious prosecution claim the probable cause determination is the time when the charging document is filed, rather than the time of the arrest.").

Plaintiff's argument is unpersuasive. As the Court concluded on summary judgment, Defendants had probable cause to arrest Plaintiff for assault and laser pointing. No discoveries subsequent to Plaintiff's arrest changed (or could change) that Plaintiff shined a laser pointer toward Defendants and that Defendants were placed in "reasonable apprehension of receiving a battery." 720 ILCS 5/12-2(a)(6). Plaintiff was lawfully arrested and charged for exactly that. *Cf. Holmes v. Villiage of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) ("probable cause to believe an individual committed one crime * * * does not foreclose a malicious prosecution claim for *additionally* prosecuting the individual on a *separate* charge" (emphasis added)).

The General Assembly chose to criminalize aiming a laser pointer at a peace officer without regard to whether the laser was attached to a gun or indeed whether the officer was even in danger. One might wonder whether Plaintiff could have chosen a different method of getting the officers' attention — a horn, flashing headlights — and one might question whether the officers overacted by charging Plaintiff once the absence of danger was clear. But the officers' subjective intent is irrelevant in assessing probable cause. See, *e.g.*, *Whren v. United States*, 517 U.S. 806, 813 (1996); *Tebbens v. Mushol*, --- F.3d ---, 2012 WL 3734334, at *5 (7th Cir. Aug. 30, 2012).

Having been charged for the precise conduct that gave the officers probable cause to arrest him, Plaintiff's claims for false imprisonment (Count IV) and malicious prosecution (Count V) are barred. See *Jones v. Webb*, 45 F.3d 178, 1783 (7th Cir. 1995); see also *Lappin v. Costello*, 598 N.E. 2d 311, 317 (Ill. App. 4th Dist. 1992) ("If probable cause existed for the arrest, an action for false arrest cannot lie"); *Martel Enterprises v. City of Chicago*, 584 N.E. 2d 157, 161 (Ill. App. 1st Dist. 1991) (probable cause is an absolute bar to a claim of false imprisonment); *Ross v. Mauro Chevrolet*, 861 N.E. 2d 313, 319 (Ill. App. 1st Dist. 2006) (citing *Johnson v. Target Stores, Inc.*, 791 N.E. 2d 1206, 1219 (Ill. App. 1st Dist. 2001) (probable cause is fatal to a malicious prosecution claim).

Plaintiff's other arguments were addressed in the Court's summary judgment opinion and there is no reason to discuss them again here.

**STATEMENT**

Plaintiff's motion to reconsider [95] is denied.